IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| QUINCY RUCKER, ) | CASE NO. 5:25 CV 1421 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Quincy Rucker filed the above-captioned Petition under 28 U.S.C. § 2241, claiming that President Donald Trump's Executive Order No. 14206 mandates that his conviction for being a felon in possession of a firearm and ammunition imposed by this District Court on July 24, 2024 be vacated. Petitioner is currently incarcerated in USP Canaan located in Waymart, Pennsylvania, which is in the geographic boundary of the Eastern District of Pennsylvania. Because a § 2241 Petition must be filed in the territorial jurisdiction in which his custodian is located, he appropriately filed the Petition in the United States District Court for the Eastern District of Pennsylvania. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)(citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973)). The Eastern District of Pennsylvania determined that Petitioner is attacking his conviction, and transferred the § 2241 Petition to this Court.

Petitioner cannot challenge the legality of his conviction or sentence in a § 2241 Petition. A federal prisoner may only file a §2241 Petition to challenge the manner in which his sentence is

being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). A challenge to the legality of a federal conviction or sentence must be brought in 28 U.S.C. § 2255 Motion to Vacate filed in conjunction with his criminal case. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner is clearly attacking the legality of his conviction. He therefore cannot proceed with a § 2241 Habeas Petition.

Moreover, this Court cannot construe his § 2241 Habeas Petition as a § 2255 Motion to Vacate. The re-characterization of a Petition brought pursuant to 28 U.S.C. § 2241 as a § 2254 Petition or a § 2255 Motion may bar him from asserting a habeas challenge to his conviction or sentence at a later date, due to the limitations on the filing of second or successive Habeas Petitions that is contained in 28 U.S.C. § 2255(h). *Id. See Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004)(citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)). The Petitioner must decide whether he wishes to attempt to pursue his claim under 28 U.S.C. § 2255.[1]

### Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] The Court expresses no opinion on whether a remedy under 28 U.S.C. § 2255 is still available to Petitioner or whether his claim has any merit.